UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAMIN ZABETI,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>ANGELA ARKIN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-00018-GMN-PAL<br><br>**ORDER**<br><br>(Mot Stay Disc – Dkt. #38) |

Before the court is the Colorado Court Defendants' Motion to Stay Discovery and Disclosures Pending Determination of their Motion to Dismiss and to Vacate Scheduling Order (Dkt. #38). The court has considered the motion, Defendant Catherine Puttmann's Joinder (Dkt. #39) Defendant Shanell Sanchez's Joinder (Dkt. #40), Plaintiff's Opposition (Dkt. #41), and Defendant Puttmann's Reply (Dkt. #44).

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed January 6, 2014. The Plaintiff is appearing pro se and has asserted claims pursuant to 42 U.S.C. § 1983 against a Colorado state judge, a Colorado lawyer, and a Colorado resident who is alleged to be in an apartment manager and mother of the Plaintiff's minor child. The complaint allegations arise out of a child custody dispute between the Plaintiff and Defendant Sanchez. It appears that child custody proceedings were instituted in state courts in both Nevada, where the father and minor child were at one time, and also Colorado where Sanchez resides. Plaintiff alleges that Sanchez instituted proceedings in Colorado which resulted in a civil "pickup" warrant in Colorado instructing law enforcement in Nevada to enforce the warrant. The warrant was registered in Nevada as a foreign child custody determination, and the minor child was removed from the father's physical care in Nevada to the mother's care in Colorado. Defendant Judge Arkin allegedly initiated

proceedings which resulted in an arrest warrant for the Plaintiff which was delivered by mail to the Plaintiff's residence in Nevada.

Plaintiff alleges he was deprived of care, custody and control of his minor child for twenty-seven days without opportunity to be heard or evidence of personal jurisdiction over him. He alleges Judge Arkin and Defendant Puttmann acted in concert and deprived him of due process of law. He has asserted claims for violation of his Fourth Amendment rights for false representations or omissions made by all three Defendants in support of a warrant; for Fourth and Sixth Amendment violations for malicious prosecution "in the complete absence of probable cause"; Fifth and Fourteenth Amendment claims for deprivation of notice and opportunity to be heard; and a Fourteenth Amendment claim for discrimination against him based on race, ethnicity and national origin.

The Defendants responded to the complaint by filing Motions to Dismiss (Dkt. ##6, 9, 11) for lack of jurisdiction on January 28, 2014. When the parties did not submit a proposed discovery plan and scheduling order in accordance with Local Rule 26-1(e) by the deadline generated by the court's CM/ECF system, the court entered a standard 180-day plan. Shortly thereafter this motion was filed.

Defendants seek a stay of discovery and disclosures while their motions to dismiss are decided, and ask that the court vacate the scheduling order. The Colorado Court Defendant's Motion to Dismiss asserts Eleventh Amendment immunity on behalf of Defendant's Colorado Eighteenth Judicial District Court, and absolute judicial immunity on behalf of Judge Arkin. Defendant Puttmann joined in the motion arguing discovery should be stayed and this court's scheduling order vacated while her motion to dismiss is decided. Puttmann's motion to dismiss raises personal jurisdiction issues, and argues Plaintiff's claims are barred by the *Rooker Feldman* doctrine which prevents a party losing in state court from seeking what is, in effect, appellate review of a state court judgment in federal court on by asserting federal claims. Defendant Sanchez has also filed a joinder. Her motion to dismiss also argues the court lacks personal jurisdiction over her, and subject matter jurisdiction over the allegations contained in Plaintiff's complaint.

2

1    Plaintiff opposes the motion arguing this case has been pending since January 6, 2014, 2 and Defendants have yet to provide any discovery. The order gave the parties until July 28, 3 2014, to complete discovery needed to support his claims for violations of his constitutional 4 rights. Plaintiff claims that the Defendants' dispositive motions are a factual attack on the 5 court's jurisdiction, and cites decisions in this court that the Federal Rules of Civil Procedure do 6 not provide for automatic or blanket stays of discovery when a potentially dispositive motion is 7 pending. Plaintiff contends that he would be severely prejudiced by a stay of discovery because 8 he would be deprived of the opportunity to gather facts to defend against the dispositive motions 9 concerning subject matter jurisdiction, personal jurisdiction, judicial immunity and Eleventh 10 Amendment immunity. He asks that the motion be denied and that he be permitted to conduct 11 discovery to determine if the Colorado State Court afforded him rights guaranteed by the U.S. 12 Constitution, and whether the Eleventh Amendment immunity may be overcome by the 13 exception recognized by the Supreme Court in *Ex Parte Young,* 209 U.S. 123 (1908).

**DISCUSSION**

15    The pending motions to dismiss raise serious jurisdictional, absolute judicial immunity 16 and Eleventh Amendment immunity legal questions. The court has preliminarily reviewed the 17 motions, and Plaintiff's responses to evaluate whether a stay of discovery is appropriate. 18 Although Plaintiff's opposition to the motion to stay and vacate the court's discovery plan and 19 scheduling order claims discovery is needed to decide the motions to dismiss, the response to this 20 motion does not outline any specific discovery needed. Plaintiff's responses to the motions to 21 dismiss seek relief under Rule 56(d). Plaintiff's responses to the motions to dismiss relates the 22 convoluted history of the parties' legal disputes over child custody and asserts that Plaintiff filed 23 this action January 6, 2014 "with the belief that he would not be afforded due process of the 24 permanent orders hearing in a Colorado State Court on the following day." According the 25 Plaintiff, that hearing took place in Colorado the following day on January 7, 2014, but the 26 Colorado Court prohibited him from raising issues related to deprivation of his federally 27 protected rights and challenge to subject matter jurisdiction. Plaintiff therefore seeks to pursue 28 this action to vindicate his federally protected rights.

Plaintiff's responses to the motion to dismiss request relief under Rule 56(d), but do not specify what discovery is needed. Plaintiff's responses to the motion to dismiss state that he is not seeking to disturb the disposition of the Colorado State Court or review of its orders. Rather, he seeks monetary damages against Defendants Sanchez, Puttmann, and Arkin, and injunctive relief against the Colorado State Court "to decline jurisdiction because the process he was afforded is so fundamentally inadequate and so full of ethnocentrism that he never had a chance to have a fair and impartial hearing in that State."

Plaintiff is correct that the Federal Rules of Civil Procedure do not allow for automatic or blanket stays while a dispositive motion is pending. However, dispositive motions which raise issues of the court's jurisdiction, venue, or immunity are commonly situations in which the court determines that staying discovery pending a ruling on a dispositive motion is appropriate. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curium). The Colorado Court Defendants, Eighteenth Judicial District, and Judge Arkin, have asserted Eleventh Amendment immunity and absolute judicial immunity defenses. As these Defendants correctly point out, both types of immunity raise purely legal questions. The United States Supreme Court has squarely held that until the threshold issue of immunity is resolved, discovery should not proceed. *Harlowe v. Fitzgerald*, 457 U.S. 800, 818 (1982). Both types of immunity involve immunity from participating in a lawsuit, not just immunity from liability. While issues of absolute and qualified immunity are determined, pretrial discovery is to be avoided if possible because of the burdens and costs associated with pretrial discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In this case, the court entered a standard discovery plan and scheduling order when the parties did not submit one and this case appeared on a computer-generated deadlines report on the court's Case Management/Electronic Case Filing ("CM/ECF") report.

Having reviewed and considered the moving and responsive papers, and conducted a preliminary review of the moving and responsive papers filed in connection with the motions to dismiss, the court will grant the motion to stay and vacate the scheduling order. The court finds that the Defendants have raised substantial issues concerning personal jurisdiction, subject matter

4

1 jurisdiction, Eleventh Amendment immunity and judicial immunity that warrant a stay of
2 proceedings while these threshold issues are decided.  Plaintiff responded to the motions
3 requesting Rule 54(d) relief but has not specified what jurisdictional or other discovery is needed
4 to oppose the motions.

For these reasons,

**IT IS ORDERED** that the Colorado Court Defendants' Motion to Stay Discovery and Disclosures Pending Determination of their Motion to Dismiss and to Vacate Scheduling Order (Dkt. #38) is **GRANTED**.

DATED this 28th day of April, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE