**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAMIN ZABETI, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No.: 2:14-cv-00018-GMN-PAL |
| ANGELA R. ARKIN; CATHERINE H. PUTTMANN; EIGHTEENTH JUDICIAL DISTRICT COURT in and for Douglas County, Colorado; and SHANELL N. SANCHEZ, | ) |
| | ) **ORDER** |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendant Catherine H. Puttmann ("Puttmann"). Puttmann filed a Memorandum in Support of her Motion (ECF No. 7), Plaintiff Ramin Zabeti ("Plaintiff") filed a Response (ECF No. 25) and Puttmann filed a Reply (ECF No. 32).

Also pending before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant Shanell N. Sanchez ("Sanchez"). Plaintiff filed a Response (ECF No. 26) and Sanchez filed a Reply (ECF No. 31).

Finally, pending before the Court is the Motion to Dismiss (ECF No. 11) filed by Defendant Angela R. Arkin ("Judge Arkin") and Defendant Eighteenth Judicial District Court in and for Douglas County, Colorado ("Colorado Court Defendant"). Plaintiff filed a Response (ECF No. 27) and Judge Arkin and the Colorado Court Defendant filed a Reply (ECF No. 30).

**I.  BACKGROUND**

This case arises from litigation between Plaintiff and Sanchez that took place in Colorado state court relating to the "custody, control and care" of their minor child (the

"Colorado Litigation"). (Compl. 3:¶ 1, ECF No. 1.)  Plaintiff alleges that during the Colorado Litigation, Judge Arkin made several rulings against Plaintiff that resulted in Plaintiff losing custody of the child.  Plaintiff further contends that these rulings were the result of a conspiracy between Sanchez, the child's mother; Puttmann, Sanchez's attorney; and Judge Arkin.  Finally, Plaintiff asserts that, through this conspiracy and Judge Arkin's rulings, Defendants deprived Plaintiff of his constitutional rights.

As a result of these actions, Plaintiff commenced this suit in which he alleges four causes of action: (1) Count I – Violation of "Fourth Amendment False Representations or Omissions in Support of Warrant" against Judge Arkin, Sanchez, and Puttmann; (2) Count II – Violation of "Fourth and Sixth Amendments Malicious Prosecution in the complete absence of probable cause supported by oath or affirmation and criminal charge(s)" against Judge Arkin; (3) Count III – Violation of "Fifth and Fourteenth Amendments Deprivation of Notice and Opportunity to be Heard" against Judge Arkin, Puttmann, Sanchez, and the Colorado Court Defendant; and (4) Count IV – Violation of "Fourteenth Amendment on August 02, 2010 and August 04, 2010; Discrimination against race, ethnicity and national origin as a basis for deprivation of the custody, control and care of minor child." (Compl. 4–6-A.)  In response, Defendants filed the instant Motions to Dismiss. (ECF Nos. 6, 9, 11.)  For the reasons stated below, the Court GRANTS Defendants' Motions to Dismiss.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER PUTTMANN & JUDGE ARKIN[1]

/ / /

---

[1] Even if this Court could exercise jurisdiction over Judge Arkin, Plaintiff's claims would still fail. Under the doctrine of judicial immunity, judges enjoy absolute immunity from claims relating to "acts performed by judges that relate to the 'judicial process.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)).  Because Plaintiff's claims relate to Judge Arkin's legal determinations from the Colorado Litigation, this doctrine unquestionably protects Judge Arkin. *See Stump v. Sparkman*, 425 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the clear absence of all jurisdiction." (internal quotation marks omitted).)

### A. Legal Standard

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant raises the defense, the burden then falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A plaintiff can carry this burden only by presenting sufficient evidence to establish that (1) personal jurisdiction is proper under the laws of the state in which jurisdiction is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution. *Ziegler v. Indian River Country*, 64 F.3d 470, 473 (9th Cir. 1995). Because Nevada's long-arm statute is co-extensive with the limits of due process, this analysis collapses into a single inquiry. Nev. Rev. Stat. § 14.065(1) ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States").

Courts may exercise personal jurisdiction, consistent with the Constitution, only over those defendants that have "certain minimum contacts with [the state] such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'" *Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant can be subject to either general personal jurisdiction or specific personal jurisdiction in a given state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–415 (1984). In this case, Plaintiff acknowledges that this Court lacks general personal jurisdiction over Puttmann and Judge Arkin. Therefore, the Court determines only whether Puttmann and Judge Arkin are subject to specific personal jurisdiction in Nevada..

A court can exercise specific personal jurisdiction over a defendant when "the case arises out of certain forum-related contacts." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,

223 F.3d 1082, 1086 (9th Cir. 2000). "'[S]pecific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Id.* (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Once the plaintiff satisfies these two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). At bottom, the specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

### B. Discussion

The Supreme Court recently addressed the personal jurisdiction inquiry in *Walden v. Fiore*, 134 S. Ct. 1115 (2014). Because the issues presented by the instant case are virtually indistinguishable from *Walden*, the Court concludes that it lacks jurisdiction over Defendant Puttmann and Judge Arkin. Specifically, in *Walden*, the Supreme Court held that a Georgia police officer lacked sufficient contacts with Nevada when the officer seized a large amount of cash from two Nevada residents who were traveling through the Atlanta Hartsfield-Jackson Airport. 134 S. Ct. at 1125–26. The Nevada residents asserted that personal jurisdiction was proper because the officer knew they were residents of Nevada and, thus, knew that his decision to seize the cash would affect Nevada. *Id.* at 1125. Nevertheless, the Supreme Court held that a Nevada court could not exercise personal jurisdiction over the officer because he "had no other contacts with Nevada, and because a plaintiff's contacts with the forum State

cannot be decisive in determining whether the defendant's due process rights are violated." *Id.* at 1118 (internal quotation marks and citation omitted). At bottom, the Court reiterated that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123.

Similar to the police officer in *Walden*, Puttmann's and Judge Arkin's only contact with Nevada is their alleged knowledge that their conduct in the Colorado Litigation would affect Plaintiff in Nevada. The Supreme Court's holding in *Walden* soundly forecloses Plaintiff's argument that this knowledge is sufficient to provide a basis for this Court to exercise jurisdiction over Puttmann and Judge Arkin. For this reason, the Court GRANTS Puttmann's Motion to Dismiss (ECF No. 6) and also GRANTS Judge Arkin's Motion to Dismiss (ECF No. 11).

### III. <u>PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST SANCHEZ</u>

#### A. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  However, mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Discussion**

Plaintiff's Complaint asserts three causes of action against Sanchez, all of which are alleged pursuant to 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Even assuming Plaintiff has adequately pleaded a violation of a right secured by the Constitution or federal law, Plaintiff has failed to assert facts from which the Court could plausibly infer that Sanchez was acting under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. at 48 (internal quotation marks omitted).  Here, Plaintiff appears to allege that Sanchez acted

under color of state law when she "acted in concert" with Judge Arkin to deprive Plaintiff of his rights. However, Plaintiff's Complaint fails to provide any facts about the conspiracy between these Defendants. Plaintiff merely alleges that the Defendants acted in concert to prepare ex parte emergency orders with which Plaintiff disagrees. Plaintiff's conclusory statements cannot survive a motion to dismiss without facts that plausibly establish the existence of such a conspiracy. Merely pointing to business that courts and litigants regularly conduct is insufficient. Plaintiff's Complaint cannot survive Sanchez's Motion to Dismiss merely by pointing to an adverse ruling.

For these reasons, the Court GRANTS the Motion to Dismiss (ECF No. 9) filed by Defendant Sanchez. However, because the Court cannot find that amendment would be futile and in light of Plaintiff's *pro se* status, the Court will grant Plaintiff leave to file an amended complaint if he can allege additional facts from which the Court can plausibly infer that Sanchez acted under color of state law by acting in a conspiracy with Judge Arkin. Plaintiff shall file his amended complaint within fourteen (14) days of the date of this Order. Failure to file an amended complaint by this date shall result in the Court dismissing the Complaint against Sanchez with prejudice.

## IV.   THE ELEVENTH AMENDMENT BARS PLAINTIFF'S ACTION AGAINST THE COLORADO COURT DEFENDANT

The Eleventh Amendment and related Supreme Court precedent bars federal courts from "deciding virtually any case in which a state or the 'arm of a state' is a defendant—even where jurisdiction is predicated upon a federal question—unless the state has affirmatively consented to suit." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991). Thus, before dismissing an action pursuant to the Eleventh Amendment, the Court must determine (1) whether the Colorado Court is an "arm of a state"; and (2) whether the state of Colorado has consented to this type of suit or whether Congress has expressly abrogated state sovereign

immunity in this field. *Id.*

To determine whether an entity is an "arm of the state," the Ninth Circuit looks to the way state law treats the entity and considers five factors:

> [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

*Id.* (alteration in original). Furthermore, after the Supreme Court's decision in *Edelman v. Jordan*, 415 U.S. 651 (1974), the Ninth Circuit has repeatedly held that "the source from which the sums sought by the plaintiff must come is the most important single factor in determining whether the Eleventh Amendment bars federal jurisdiction." *Id.* at 1424 (quotation marks omitted) (collecting cases). In this case, Colorado law clearly provides that the state of Colorado is the sole source of funding for the Colorado Court Defendant. Colo. Rev. Stat. § 13-3-104(1) ("The state of Colorado shall provide funds by annual appropriate for the operations, salaries, and other expenses of all courts of record within the state, except for county courts in the city and county of Denver and municipal courts."). Thus, because the monetary relief that Plaintiff seeks would come from the state treasury, the Eleventh Amendment bars this Court from hearing Plaintiff's action against the Colorado Court Defendant.[2] *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (holding that "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.")

Plaintiff can avoid the outcome required by *Edelman* only if Congress has expressly

---

[2] Even to the extent that Plaintiff's Complaint also seeks injunctive relief, *Ex Parte Young*, 209 U.S. 123 (1908), cannot save Plaintiff's claims against Judge Arkin and the Colorado Court Defendant. Specifically, to avail himself of *Ex Parte Young*, Plaintiff must name a state official. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) (noting that the Supreme Court has "often found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law" (internal quotation marks omitted).) However, the only state official that Plaintiff names in his Complaint is Judge Arkin and, as discussed above in Section III, this Court lacks jurisdiction over Judge Arkin. Therefore, *Ex Parte Young* cannot save Plaintiff's Complaint.

abrogated state sovereign immunity in this type of action or if Colorado has consented to the suit.  However, the Supreme Court has already determined that Congress did not intend to abrogate the states' Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  Furthermore, a state's waiver of immunity must, at minimum, amount to "unambiguous . . . conduct that is incompatible with an intent to preserve [] immunity." *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999).  Here, Plaintiff has not provided, and the Court cannot find, any indication that Colorado has waived its Eleventh Amendment protections and consented to this type of suit. (*See* Resp. 12:7–15:18, ECF No. 27; *see also* Mot. to Dismiss ¶ 5, ECF No. 11 ("Colorado also has not waived the protections of Eleventh Amendment").)  Thus, Plaintiff cannot overcome the outcome required by *Edelman*.

Accordingly, because the Eleventh Amendment immunizes Colorado Court Defendant from being sued, this Court lacks subject matter jurisdiction over this action and the Court must dismiss Plaintiff's Complaint against the Colorado Court Defendant with prejudice.

V.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) filed by Defendant Catherine H. Puttmann is **GRANTED**.  Plaintiff's Complaint is dismissed with prejudice as it relates to Defendant Puttmann.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 9) filed by Defendant Shanell N. Sanchez is **GRANTED**.  The Court grants Plaintiff leave to file an amended complaint, as it relates to Defendant Sanchez only, if he can cure the defects identified in this Order.  Plaintiff shall file his amended complaint **by Wednesday, July 30, 2014**.  Failure to file the amended complaint **by Wednesday, July 30, 2014** shall result in the Court dismissing Plaintiff's claims against Defendant Sanchez with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 11) filed by

1  Defendant Judge Angela R. Arkin and Defendant Eighteenth Judicial District Court for
2  Douglas County, Colorado is **GRANTED**.  Plaintiff's Complaint is dismissed with prejudice as
3  it relates to Defendant Arkin and Defendant Eighteenth Judicial District Court for Douglas
4  County, Colorado.

5        **DATED** this 8th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge